IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


DISCOUNT SLEEP
OF OCALA, LLC, ETC., ET. AL.,

      Appellants,

v.                                     Case No.  5D15-553

CITY OF OCALA, FLORIDA,

      Appellee.

_____/

Opinion filed June 17, 2016

Appeal from the Circuit Court
for Marion County,
Edward L. Scott, Judge.

Derek A. Schroth and James A. Myers, of
Bowen & Schroth, P.A., Eustis, for
Appellants.

George Franjola and Patrick G. Gilligan,
of Gilligan, Gooding & Franjola, P.A., for
Appellee.


PER CURIAM.

This appeal follows the trial court's order dismissing Appellants' complaint with prejudice. Appellants raise several issues on appeal, only one of which merits discussion. Appellants contend that they timely filed their complaint within the four-year limitations period set forth in section 95.11(3)(p), Florida Statutes (2014). We agree and reverse.

The City of Ocala enacted several ordinances that established, repealed, and later reenacted certain fire service fees. The City began assessing the fees in 2006, but on October 6, 2009, the City enacted Ordinance 6015, which repealed the fees. Ordinance 6015 provided that it took effect "upon approval by the mayor, or upon becoming law without such approval on October 1, 2010." The mayor signed and approved the ordinance on October 8, 2009. Subsequently, on May 4, 2010, the City repealed Ordinance 6015 and reinstated the fees by enacting Ordinance 2010-43.

Appellants filed their complaint challenging the validity of the fees on February 20, 2014. The trial court found that Ordinance 6015 never took effect because it was repealed before its effective date of October 1, 2010. Consequently, the court held that the fire service fees had been continuously in effect since 2006, and Appellants failed to timely file their complaint within the four-year statute of limitations period. We disagree.

The plain language of Ordinance 6015 dictated that it became effective both (1) when it was signed and approved by the mayor, or (2) without such approval on October 1, 2010. Thus, Ordinance 6015 became effective on October 8, 2009, and it repealed the fire service fees. *See, e.g.*, *State ex rel. Gibbs v. Couch*, 190 So. 723, 732 (Fla. 1939) (noting that when legislation states it becomes effective on "approval by the Governor . . . or becom[ing] a law without such approval," either condition would make the law immediately effective); *see also Rinker Materials Corp. v. City of N. Miami*, 286 So. 2d 552, 553–54 (Fla. 1973) ("Municipal ordinances are subject to the same rules of construction as are state statutes. . . ."). Moreover, without express revival, Ordinance 2010-43 could not reinstate prior ordinances governing the imposition of the fire service fees. *See* § 2.04, Fla. Stat. (2014). Therefore, while Ordinance 2010-43 repealed

2

Ordinance 6015, it also triggered a new four-year limitations period beginning on May 4, 2010. Accordingly, Appellant's complaint was timely and the trial court erred in granting the motion to dismiss on statute of limitations grounds.

REVERSED and REMANDED.

SAWAYA, ORFINGER and TORPY, JJ., concur.